**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 25, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40974
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE OSCAR OCHOA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-02-CR-181-1
---------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Oscar Ochoa appeals the sentence imposed following his

guilty plea conviction of being found in the United States after

deportation/removal in violation of 8 U.S.C. § 1326.  Ochoa

complains that his sentence was improperly enhanced pursuant to

8 U.S.C. § 1326(b) based on a prior conviction.  He argues that

the sentencing provision is unconstitutional.  Ochoa thus

contends that his sentence should not exceed the maximum terms of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

imprisonment and supervised release prescribed in 8 U.S.C.

§ 1326(a).

In Almendarez-Torres v. United States, 523 U.S. 224, 235

(1998), the Supreme Court held that the enhanced penalties in

8 U.S.C. § 1326(b) are sentencing provisions, not elements of

separate offenses.  The Court further held that the sentencing

provisions do not violate the Due Process Clause.  Id. at 239-47.

Ochoa acknowledges that his argument is foreclosed by

Almendarez-Torres, but asserts that the decision has been cast

into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi,

530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984

(5th Cir. 2000).  This court must follow Almendarez-Torres

"unless and until the Supreme Court itself determines to overrule

it."  Dabeit, 231 F.3d at 984 (internal quotation marks and

citation omitted).  The judgment of the district court is

AFFIRMED.

The Government has moved for a summary affirmance in lieu of

filing an appellee's brief.  In its motion, the Government asks

that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.